UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALISSAN HATLESTAD,

    Plaintiff,

v.                                                    Case No. 8:21-cv-2791-CPT

FRANK BISIGNANO,
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,[1]

    Defendant.
_____/

**O R D E R**

Before the Court is the Plaintiff's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). (Doc. 31). For the reasons discussed below, the Plaintiff's motion is granted.

I.

The Plaintiff initiated this action in November 2021 seeking judicial review of the Commissioner's decision denying her application for Disability Insurance Benefits and Supplemental Security Income. (Doc. 1). In March 2023, the Court reversed the

---

[1] Mr. Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Federal Rule of Civil Procedure 25(d), Mr. Bisignano is substituted for a former Commissioner, Ms. Kilolo Kijakazi, as the Defendant in this suit.

Commissioner's decision and remanded the case for further proceedings before the Social Security Administration (SSA). (Doc. 27). The Clerk of Court entered Judgment for the Plaintiff the next day. (Doc. 28). Roughly one month later, the Plaintiff sought and obtained $6,973.87 in attorneys' fees under the Equal Access to Justice Act (EAJA). (Docs. 29, 30). As a result of the subsequent proceedings on remand, the Plaintiff was granted past-due benefits. (Docs. 31-2, 31-3).

By way of the instant motion, the Plaintiff now asks that the Court enter an order pursuant to 42 U.S.C. § 406(b) approving fees in the amount of $17,454 for the services her counsel rendered in this lawsuit. (Doc. 31 at 5). According to the SSA, this figure equates to twenty-five percent of the past-due benefits, which is the statutory fee limit for legal work conducted on remand before a district court. *See* (Doc. 31-2 at 2); 42 U.S.C. § 406(b). This sum does not conflict with the Plaintiff's fee contract with her attorneys, as that agreement provides for a contingency fee of twenty-five percent of her past-due benefits. (Doc. 31-1). According to the Plaintiff, her lawyers are aware of their obligation to reduce their contingency fee by the amount of the previous EAJA fee award. (Doc. 31 at 3). In fact, the actual sum the attorneys request is $10,480.13, which represents the difference between the total sought-after fee figure of $17,454 and the EAJA award of $6,973.87. *Id.* The Commissioner takes no position regarding the merits of the Plaintiff's fee motion. *Id.* at 5.

II.

Section 406(b) governs the authorization of attorneys' fees in Social Security actions where, as here, a district court remands the matter to the Commissioner for

2

further proceedings, and the Commissioner later grants the claimant past-due benefits. *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1276–78 (11th Cir. 2006) (per curiam). Under such a scenario, the claimant may return to the district court—as the Plaintiff has done here—and ask for fees not exceeding twenty-five percent of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A); *Culbertson v. Berryhill*, 586 U.S. 53, 59 (2019).

The requested fee amount, however, must be reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). To ensure this is the case, section 406(b) mandates that a court engage in an independent review of a counsel's fee arrangement with her client. *Gisbrecht*, 535 U.S. at 807. As part of its oversight role, a court may direct that an attorney furnish "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808. A court may also require that the approved fee figure be offset by any previous fee award or by any fees due to counsel under a contingency fee arrangement. *Id.*; *Jackson*, 601 F.3d at 1274.

In addition, an attorney who is successful in claiming fees under both the EAJA and section 406(b) must refund "to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted). A lawyer may do so either by deducting the earlier EAJA award from the subsequent section 406(b) award or by refunding the smaller EAJA fee and accepting the section 406(b) payment in full. *Jackson*, 601 F.3d at 1274.

3

Here, the Plaintiff's requested fee figure of $17,454 is predicated upon 31.95 hours of legal services her lawyers, Sarah Bohr and Marjorie Schmoyer, rendered on this appeal. (Doc. 31 at 2, 3). This sum encompasses all the work Ms. Bohr and Ms. Schmoyer performed before the Court and—as noted above—is consistent with the Plaintiff's contingency fee agreement, as the sought-after amount equates to twenty-five percent of the total past-due benefits granted to the Plaintiff. (Doc. 31-1). In light of these facts, as well as the nature of the professional assistance provided, the positive results achieved, and the Commissioner's lack of opposition to the Plaintiff's motion, the Court finds that the proposed fee figure is reasonable. *See Brown v. Comm'r of Soc. Sec. Admin.*, 2024 WL 4529664, at *2 (M.D. Fla. Oct. 1, 2024), *report and recommendation adopted*, 2024 WL 4529245 (M.D. Fla. Oct. 18, 2024); *Ocasio v. Comm'r of Soc. Sec.*, 2024 WL 4135793, at *1 (M.D. Fla. Sept. 10, 2024); *White v. Comm'r of Soc. Sec.*, 2012 WL 1900562, at *6 (M.D. Fla. May 2, 2012), *report and recommendation adopted*, 2012 WL 1890558 (M.D. Fla. May 24, 2012).

### III.

Based upon the foregoing, it is hereby ORDERED:

1. The Plaintiff's fee motion (Doc. 31) is granted, and the Plaintiff shall be awarded a net fee amount of $10,480.13 pursuant to 42 U.S.C. § 406(b). As discussed above, this sum represents the difference between the total requested fee figure of $17,454.00 and the previously authorized EAJA fee award of $6,973.87.

2. Given counsel's deduction of the prior EAJA fee amount from the overall fee award, the EAJA fee sum (i.e., $6,973.87) shall be deemed refunded to the Plaintiff.

4

3.      This action shall be closed and shall remain closed.

SO ORDERED in Tampa, Florida, this 12th day of December 2025.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record